## THE JOHN B. ROBBINS.

(District Court, E. D. Virginia. February 18, 1919.)

SHIPPING ⊕═132(5)—DAMAGE TO CARGO—LIABILITY.

Evidence *held* insufficient to establish unseaworthiness of a vessel at the beginning of the voyage or improper stowage, but to show that damage to cargo resulted from errors in navigation or dangers of the sea, for which neither vessel nor owners were liable under Harter Act, § 3 (Comp. St. § 8031).

In Admiralty. Suit by the Hubbard Fertilizer Company against the auxiliary schooner John B. Robbins and J. H. Sturgiss and J. F. Mapp, its owners. Decree for respondents.

John H. Skeen, of Baltimore, Md., and John W. Oast, Jr., of Norfolk, Va., for libelant.

Edward R. Baird, Jr., of Norfolk, Va., for respondents.

WADDILL, District Judge. The libel in this case is filed to recover for alleged damage to and loss of a certain portion of a cargo of 35 tons of guano, undertaken to be transported by the respondents from Cape Charles, Va., to Bayford, Va.

The facts, briefly, are that the respondents undertook the service, and the fertilizer was duly loaded upon the deck of the schooner on Saturday, the 25th day of February, 1918. The schooner sailed at

8 o'clock on Monday morning, the 27th, from Cape Charles, and arrived off Bayford at about 10:30. Wind and weather conditions were propitious for the voyage, and no trouble was encountered until arriving off Bayford, when the vessel came to a standstill, and the master in his yawl boat proceeded to the mouth of the creek, which it is necessary to enter with a view of sounding to see if he could safely go in. Meantime the vessel was left adrift with a man on board, and upon the master's return the schooner had gone aground, and he was unable to float her until that night about 10:30, when he anchored in deep water, and during the night, about 3 o'clock in the morning, a violent storm came up, driving the Robbins ashore, and her cargo was either damaged or lost, with the exception of about 12 tons, and this suit is to recover for such loss.

The libelant especially charges that the Robbins was unseaworthy at the beginning of the voyage, as was unknown to the libelant, and that said cargo was negligently, wrongfully, and improperly stowed by the respondents upon said vessel.

The court has given much consideration to this case, and its conclusion is that the evidence does not establish the unseaworthiness of the vessel at the beginning of the voyage, nor does it show that there was any negligence either in the loading, stowage, or custody of the goods after their delivery. It is true that the cargo was not loaded below deck of the vessel, where perhaps it would have been safer from exposure to rain or storm; but those conditions did not enter especially into this disaster, and the fact that the cargo was loaded on deck in no manner, in the opinion of the court, affected the loss, as it would have been quite as seriously damaged in the hold, and probably more so, than upon deck.

Under the provisions of the act of Congress of February 13, 1893, known as the Harter Act (27 Stat. 445, c. 105 [Comp. St. §§ 8029–8035])—Hughes on Admir. pp. 167, 168—no recovery can be had for the loss sustained, either as against the vessel or its owners, and a decree may be accordingly entered dismissing the libel.